IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAREN E. HALL                                                                                      PETITIONER

V.                               CASE NO. 4:17-CV-00517-BRW-JTK

UNITED STATES PROBATION OFFICE                                            RESPONDENT


# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 1) be DISMISSED without prejudice.

## Procedural History

On August 21, 2017, the Petitioner plead guilty to failure to appear on a felony in the Circuit Court of Pulaski County, Arkansas. *State of Arkansas v. Karen Hall*, 60CR-16-785. Petitioner was sentenced to four (4) years' imprisonment with a suspended imposition of sentence for five (5) years. *Id.* On August 14, 2017, prior to being sentenced in Pulaski County Circuit Court, the Petitioner filed her petition for habeas corpus in this Court under 28 U.S.C. § 2254, alleging "incompetent counsel" and stating that she is "disabled and

cannot work a job and that the court can't force [the] disabled to pay restitution without modifying the conditions to the petitioner." (DE # 1, pg. 6)

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c). State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* at § 2254(c). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In order to exhaust properly, a federal habeas petitioner must "fairly present" all of his claims to the state court. *See Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996).

Furthermore, a federal court is prevented from granting habeas relief "based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief 'still open to the habeas applicant at the time he files his application in federal court'." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972) (citing *Fay v. Noia*, 372 U.S. 391, 435 (1963)). In the petition, Petitioner does not allege that she has exhausted her state remedies, nor does she demonstrate that she has sought any state-court relief. In fact, Petitioner filed her federal habeas petition before the Pulaski County Circuit Court entered the sentencing

3

order. Therefore, Petitioner cannot be said to have "fairly presented" her claims to the state court, and the petition should be dismissed for failure to exhaust.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be dismissed without prejudice.

SO ORDERED this 3rd day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE